UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY M. DOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV236 HEA |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act (Act), 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

On April 17, 2014, Administrative Law Judge David K. Fromme conducted a video hearing from Springfield, Missouri. Plaintiff appeared in West Plains, Missouri and the Vocational Expert, Teppe Hodgson, appeared as well.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Plaintiff resided in a single family house located in Winona, Missouri at the time of the hearing. Plaintiff noted that his girlfriend lived with him on occasion. Plaintiff was born on March 3, 1971. He was 43years old at the time of the hearing. Plaintiff completed high school.

Plaintiff has prior work experience with Briggs and Stratton as a metal die castor for about eight or ten months. He also has work experience at Timber Industries treating lumber for about three or four months. Plaintiff testified he has welding experience as a MIG welder from building farm equipment and trailers. His last work experience, in 2004 or 2005, was that of a painter for a company called SEI.

On further examination by the ALJ the Plaintiff testified, that he has to use a cane in walking distances greater than 10 feet or so. Further there was testimony relating to limiting back pain. Plaintiff stated the back pain prevents him from bending and putting on shoes and that it radiated through his hip to his right leg. Plaintiff also testified to having uncontrolled diabetes which causes his feet and ankles to burn and hurt all the time.

The ALJ also heard testimony that Plaintiff can lift a gallon of milk, but not for longer than two and one half hours out of an eight-hour day. There was also testimony that he has difficulty concentrating about 75% of the time. Plaintiff also takes medication for depression and has difficulty interacting with other people.

There was testimony from Dr. Hodgson, the Vocational Expert. Dr. Hodgson testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles.  Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs at the sedentary work level available for Plaintiff as a reel assembler, charge account clerk, and having a cane would not affect the viability of those jobs. The Vocational Expert also testified that it was her opinion that if Plaintiff had to use the cane then standing upright would eliminate unskilled sedentary work.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on October 28, 2015. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole.  Here the Plaintiff asserts the specific issue in this case is whether substantial evidence supports the ALJ's RFC finding.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the

claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to

other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and

medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704

(some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful

employment from the application date of January 14, 2013.  The ALJ found at Step Two that Plaintiff had the severe impairments of obesity; edema; diabetes with peripheral neuropathy; musculoskeletal disorders described as degenerative changes of the lumbar spine with facet arthropathy.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments  in 20 CFR Part 404, Subpart P, Appendix 1 (416.920(d), 404.1525, 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work, except Plaintiff  is able to stand and walk 2 hours per day; sit 6 hours per day; is able to lift 10 pounds occasionally, less than 10 frequently; is able to occasionally bend, stoop, squat; never kneel, crouch, or crawl; occasionally climb stairs and ramps; must avoid climbing ladders  or working at heights or around hazardous unprotected moving equipment; avoid extreme temperatures; avoid extreme fumes, poor ventilation, dust; avoid extreme vibration.

 At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

### I. Is There Substantial Evidence in Support of the ALJ's RFC Finding?

Plaintiff asserts the ALJ did not properly assess his RFC. Plaintiff puts forth the argument that the record as a whole puts forth a more limited RFC. An entire review of the record and the decision of the ALJ establishes Plaintiff has not established an error in the ALJ's analysis that requires remand. *See Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion."). "As long as substantial evidence in the record supports the Commissioner's decision, [the court] we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

A review of the record demonstrates the objective medical evidence was inconsistent with Plaintiff's allegations of disabling back pain and limitations noted by the ALJ. The ALJ acknowledged that an MRI scan of the lumbar spine showed degenerative disc disease but the symptoms were effectively treated with radiofrequency ablation treatments and his medication regimen. At the onset of the relevant period in this case Plaintiff rated his pain a 2 out of 10. Evidence that a claimant's impairments are well controlled with medication precludes a finding of disability. *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011) (citing *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

The ALJ reviewed the medical history of Plaintiff's diabetes claim and noted that Plaintiff engaged in infrequent treatment and sometimes was not in compliance with the recommendations of his doctor. Doctors recommended that Plaintiff have special shoe fitted or orthotics after foot surgery for foot ulcers. He failed to follow through on the recommended treatment. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.").

The ALJ reviewed and noted the objective medical evidence relating to Plaintiff's medical claim. Plaintiff testified about the necessity to use a cane and about edema. The records did not portray a need for a cane or that Plaintiff walked

with an abnormal gait. In fact, the records of February 2013 and September 2013 demonstrated that his gait and station were normal.

A clinical nurse practitioner, Ms. Denton, had opined contrary to evidence in the medical records. The ALJ, as noted, gave little weight to this opinion. The law does not impose a requirement that the ALJ rely solely on opinion evidence in support of an RFC determination. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."). Rather, an ALJ has the duty to formulate the RFC based on all of the relevant, credible evidence of record. *See Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) ("Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). The ALJ in this case properly discussed the medical evidence and demonstrated how it was inconsistent with Plaintiff's allegations of disabling limitations.

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

*Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of March, 2017.

_____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE